<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GERMA CYMONISSE** *individually and on behalf of all others similarly situated*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **FAIR CAPITAL, LLC,** <br><br> **Defendants.** | Civil Action No. 20-2430 (MCA) (MAH) <br><br><br> **REPORT AND RECOMMENDATION** |

**I. INTRODUCTION**

This matter comes before the Court on the motion by Defendant Fair Capital, LLC for sanctions pursuant to Federal Rule of Civil Procedure 11.  D.E. 14.  Plaintiff Germa Cymonisse filed opposition on February 2, 2021.  D.E. 18.  Defendant filed a reply brief on February 23, 2021.  The District Court has referred the motion to the Undersigned to issue a Report and Recommendation on the motion.  The Court has considered the motion on the parties' submissions.  For the reasons set forth herein, this Court respectfully recommends that the District Court deny Defendant's motion for sanctions.

**II. BACKGROUND**

On March 5, 2020, attorney Craig Sanders ("Mr. Sanders") filed a Class Action Complaint on behalf of Plaintiff Germa Cymonisse and all others similarly situated.  The Complaint alleged that Fair Capital, LLC had violated the Fair Debt Collection Practices Act ("FDCPA").  Compl., Mar. 5, 2020, D.E. 1.  On April 20, 2020, and consistent with the safe-

harbor provision of Rule 11(c)(2), Fair Capital sent Mr. Sanders a copy of a draft Rule 11 motion for sanctions, and a demand that Plaintiff dismiss the FDCPA claim by Monday May 11, 2020. Defendant asserted that the Complaint failed to state a cause of action under Rule 12(b)(6). Def. Br. in Supp. of Mot. for Sanctions, Jan. 7, 2021, D.E. 14, Exhibit C. Plaintiff did not withdraw the Complaint or otherwise voluntarily dismiss the action. On May 18, 2020, Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(6). On December 23, 2020, the Honorable Madeline Cox Arleo, U.S.D.J., granted Defendant's motion and dismissed the matter with prejudice. D.E. 11. On January 5, 2021, Plaintiff filed a Notice of Appeal from the final judgment to the United States Court of Appeals for the Third Circuit. D.E. 12. On January 7, 2021, Defendant filed the instant motion for sanctions pursuant to Federal Rule of Civil Procedure 11. D.E. 14.

      Defendant now seeks sanctions pursuant to Rule 11. Defendant asserts that the Complaint ignored the facts and relevant legal precedent, and further contends that a reasonable inquiry by Plaintiff's counsel into the facts and FDCPA precedent would have established that Plaintiff's case was entirely meritless. Def. Br. in Supp. of Mot. for Sanctions, Jan. 7, 2021, D.E. 14-1 at 2. Plaintiff has opposed the motion, asserting that it is untimely under Third Circuit law, and that the relief sought is inappropriate under Rule 11. Pl. Br. in Opp. to Mot. for Sanctions, Feb. 2, 2021, D.E. 18. Defendant filed a reply brief in further support of its motion. Def. Reply Brief, Feb. 23, 2021, D.E. 22.

**III. ANALYSIS**

    **a. Legal Standard to Impose Rule 11 Sanctions**

Under Federal Rule of Civil Procedure 11(c), "the court may impose an appropriate sanction on any attorney, law firm, or party that violate[s][r]ule [11(b)] or is responsible for the violation." Rule 11(b) states, in pertinent part:

> By presenting to the court a pleading . . . -whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence, or if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Rule 11 is intended to ensure that pleadings and motions are not utilized to harass, delay or needlessly increase litigation expenses. *See Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1988). The purpose of Rule 11 is "to penalize irresponsible lawyering, not to address the strength or merits of a claim." *StrikeForce Techs., Inc. v. WhiteSky, Inc.*, Civ. No. 13-1895, 2013 WL 5574643, *4 (D.N.J. Oct. 9, 2013) (citing *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94-95 (3d Cir. 1988)).

When considering a Rule 11 motion for sanctions, a court must determine if the attorney's conduct was "objectively reasonable" under the circumstances. *See, e.g, Ario v. Underwriting Members of Syndicate 53*, 618 F.3d 277, 297 (3d Cir. 2010). The Third Circuit defines "reasonableness" as the "'objective knowledge or belief at the time of the filing of the challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir. 1991). Sanctions will be applied only "in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). Importantly, "[s]ubstantially more [than an adverse ruling] is required" to warrant sanctions under Rule 11. *Castillo v. Zucker, Goldberg & Ackerman, LLC*, Civ. No. 14-6956, 2015 WL 5722625, *1 (D.N.J. Sept. 29, 2015) (quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir.1987)); *see also Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) ("Rule 11 is violated only when it is 'patently clear that a claim has absolutely no chance of success.'"). Where exceptional circumstances are found to exist, sanctions while warranted are not required. *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (citing *Doering*, 857 F.2d at 194)).

b. **Timeliness of a Motion for Rule 11 Sanctions**

As an initial matter, the Court must address the timeliness of Defendant's motion. This Court is guided by the Third Circuit's decision in *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 100 (3d Cir.1988). In that case, the defendant had moved for summary judgment and prevailed. However, the defendant did not move for Rule 11 sanctions until after the Third Circuit had affirmed the district court. The district court granted defendant's sanctions motion, and plaintiff appealed. In an effort to "eliminat[e] piecemeal litigation," *Simmerman v. Corino*,

4

27 F.3d 58, 63 (3d Cir. 1994), the *Pensiero* court mandated as a rule for courts in the Third Circuit that "counsel seeking Rule 11 sanctions must file their motions before entry of final judgment in district court." *Pensiero,* 847 F.2d at 92. The Third Circuit explained that the supervisory rule would promote the interests of judicial economy, stating "[s]wift disposition of a Rule 11 motion is essential so that any ensuing challenge to it might be included with the appeal on the merits. This approach serves the interest of judicial economy without risking a significant waste of district court efforts." *Id.* at 99.

Defendant argues in its reply brief that *Pensiero* is merely a supervisory rule that has been "called into question" by the 1993 amendments to Rule 11.[1] Reply Br., Feb. 23, 2021, D.E. 22, at 2. Defendant contends that *Pensiero* sought to address a circumstance that does not exist here—specifically that a party might seek sanctions before affording the adversary an opportunity to withdraw the challenged filing, and only after a court has ruled in its favor. *Id.* at 3. Defendant maintains that is not the case here, because Defendant served the Rule 11 letter on Plaintiff on April 20, 2020, which was nearly a month before Defendant filed the motion to dismiss. *Id.*

Defendant's arguments are unavailing. First, the Third Circuit has not retreated from *Pensiero*. To the contrary, the Third Circuit has extended the rule, including well after the 1993

---

[1] The 1993 amendments to Rule 11 included the "safe harbor" provision that is now encompassed in Rule 11(c)(2). Under Rule 11(c)(2):

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).

amendments.[2]  For example, in *Simmerman v. Corino*, the Third Circuit applied *Pensiero* to hold that a district court may not *sua sponte* impose Rule 11 sanctions after the entry of final judgment.  27 F.3d at 58, 63 (3d Cir. 1994) ("The logic of *Pensiero* applies equally to *sua sponte* consideration of sanctions by the district court.").  *See also In re: Nicola,* 65 Fed. App'x 759, 762 (3d Cir. 2003) (applying supervisory rule to imposition of sanctions in bankruptcy proceedings); *Prosser v. Prosser*, 186 F.3d 403 (3d Cir. 1999) (extending supervisory rule to district court's imposition of sanctions pursuant to its inherent authority).

Second, the Third Circuit in *Pensiero* did not impose the supervisory rule solely to ensure that a party has an opportunity to withdraw the offending material before the Rule 11 motion is filed.  The court also emphasized the need for the supervisory rule to promote judicial economy.  The *Pensiero* court reasoned that:

> [r]ather than misusing scarce resources, timely filing and disposition of Rule 11 motions should conserve judicial energies.  In the district court, resolution of the issue before the inevitable delay of the appellate process will be more efficient because of current familiarity with the matter.  Similarly, concurrent consideration of challenges to the merits and the imposition of sanctions avoids the invariable demand on two separate appellate panels to acquaint themselves with the underlying facts and the parties' respective legal positions.

*Pensiero,* 847 F.2d at 99.  The *Simmerman* court similarly pointed to the supervisory rule's purpose of conserving judicial resources.  *Simmerman,* 27 F.3d at 63 (noting that the court "adopted a supervisory rule aimed at eliminating piecemeal review" and quoting *Pensiero*).  As

---

[2] As well, courts in the District of New Jersey have consistently adhered to the supervisory rule. Indeed, Local Civil Rule 11.3 mandates that "[a]ll applications for sanctions pursuant to Fed. R. Civ. P. 11 shall be filed with the Clerk prior to the entry of final judgment notwithstanding the provisions of any other Rule of this Court." L. Civ. R. 11.3.  *See also Sync Labs LLC v. Fusion Mfg.*, No. 11-3671 (WHW)(CLW), 2016 WL 2901665, at *9 (D.N.J. May 18, 2016) (citing *Pensiero, Inc.*, 847 F.2d at 100); *Cresskill Volunteer First Aid Squad v. Borough of Cresskill,* Civ. No. 05-3294, 2006 WL 8458352, *1 (D.N.J. Jan. 25, 2006) (applying *Pensiero* and Local Civil Rule 11.3 to deny application for sanctions filed after dismissal of complaint on motion).

well, courts in the District of New Jersey continue to apply and enforce the supervisory rule in *Pensiero*.

Accordingly, the Court concludes that *Pensiero* applies here, and requires denial of Defendant's motion as untimely. While the record reflects that Defendant provided notice to Plaintiff and an opportunity to withdraw the claim before moving to dismiss and for sanctions, it remains that Defendant did not move for sanctions until January 7, 2021. By then, the District Court had already dismissed this matter with prejudice, and Plaintiff had filed the notice of appeal. Allowing Defendant's motion to proceed in its current procedural posture would present precisely the piecemeal litigation and appellate review that the supervisory rule was implemented to avoid. Pursuant to the supervisory rule in *Pensiero*, Defendant's Rule 11 motion is untimely and should be denied.

## IV.   CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court deny Defendant's motion for sanctions pursuant to Federal Rule of Civil Procedure 11. The parties are reminded that they have fourteen (14) days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 72.1(c)(2).

                                            s/ Michael A. Hammer
                                            **UNITED STATES MAGISTRATE JUDGE**

Dated: February 24, 2021